Deborah L. HAINES, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 94–3065.

United States Court of Appeals, Federal Circuit.

Jan. 5, 1995.

Rosemarie Rhodes, Harper & Paul, Philadelphia, PA, argued, for petitioner.

Eric D. Flores, Atty., Merit Systems Protection Bd., Washington, DC, argued, for respondent. Mary L. Jennings, Acting Gen. Counsel, Martha B. Schneider, Asst. Gen. Counsel and Rita S. Arendal, Atty., Merit Systems Protection Bd., Washington, DC, were on the brief, for respondent. Reginald T. Blades, Jr., David M. Cohen and James M. Kinsella, Attys., Dept. of Justice, Washington, DC, for respondent.

Before MAYER, MICHEL, and CLEVENGER, Circuit Judges.

MICHEL, Circuit Judge.

*ORDER*

Deborah L. Haines petitions for review of the Merit Systems Protection Board's failure to reopen her appeal and reconsider its final decision in her case. Because the letter from the Clerk of the Board informing Ms. Haines that the Board did not plan to reopen her appeal is not a "final order or decision" of the Board, the only kind of Board action over which we may exercise appellate subject matter jurisdiction under 28 U.S.C. § 1295 (1988), our organic statute, we dismiss.

## BACKGROUND

Ms. Haines worked as a contract administrator in the Defense Logistics Agency. The instant petition grows out of an appeal Haines filed with the Board in 1990, alleging that she was forced to resign from her position with the Agency in 1988 due to harassment by her supervisors. In an initial decision issued on February 8, 1991, the administrative judge in the case dismissed her appeal on the ground that she had failed to show that her resignation was involuntary. On June 11, 1991, the Board denied Haines' petition for review, reopened the case on its own motion, and affirmed the initial decision as modified. *Haines v. Defense Logistics Agency*, 49 M.S.P.R. 52 (1991). Haines appealed the Board's decision to this court, and we summarily affirmed. 960 F.2d 155 (Fed. Cir.1992) (Table). Haines then petitioned the Supreme Court for a writ of certiorari, which petition was denied. —— U.S. ——, 113 S.Ct. 287, 121 L.Ed.2d 213 (1992).

After her petition for the writ of certiorari was denied, Haines filed "Petitions to Reopen" with the Board on three separate occasions, by letters dated June 1, 1993, July 20, 1993, and August 20, 1993. The Clerk of the Board responded to each of Haines' letters in the same way, indicating that (1) the decision in her case had become final, (2) the Board's regulations did not provide for a party other than the OPM to file a petition for reconsideration of a final decision, and (3) while the Board could reopen an appeal on its own motion at any time, it had no plans to do so in her case. After receipt of the third such letter from the Clerk of the Board, dated October 8, 1993, Haines timely filed her petition for review in this court.

## DISCUSSION

██ We have inherent jurisdiction to determine the scope of our jurisdiction, *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 877 (Fed.Cir.1983) (citing *United States v. United Mine Workers*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947)), a pure question of law. *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed.Cir.1990). Section 1295(a)(9) of Title 28 circumscribes our jurisdiction to review the Board's decisions, limiting it to jurisdiction over "an appeal from a final order or final decision of the" Board. 28 U.S.C. § 1295(a)(9) (1988). Our jurisdiction over Haines' petition, then, turns on whether the Clerk's letter of October 8,

1993, constitutes a "final order or final decision" for purposes of section 1295(a)(9). We conclude that it does not.

The Civil Service Reform Act (CSRA) "comprehensively overhauled the civil service system." *Lindahl v. OPM*, 470 U.S. 768, 773, 105 S.Ct. 1620, 1624, 84 L.Ed.2d 674 (1985). In view of the "elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations," *Bush v. Lucas*, 462 U.S. 367, 388, 103 S.Ct. 2404, 2417, 76 L.Ed.2d 648 (1983), the Supreme Court, as we have noted, "has declined to grant federal employees access to the courts beyond that provided in the CSRA itself." *Carter v. Gibbs*, 909 F.2d 1452, 1456 (Fed.Cir.) (in banc), *cert. denied*, 498 U.S. 811, 111 S.Ct. 46, 112 L.Ed.2d 22 (1990). *See also United States v. Fausto*, 484 U.S. 439, 445, 108 S.Ct. 668, 672, 98 L.Ed.2d 830 (1988) (CSRA's "integrated scheme of administrative and judicial review" barred review by the Claims Court of personnel decisions covered by the CSRA but also facially giving rise to claims for back pay). Consistent with the Supreme Court's admonitions to refrain from inventing new remedies in this area, we look to the Board's regulation at 5 C.F.R. § 1201.113 to determine what constitutes a "final order" for jurisdictional purposes. *Cf. Strickland v. MSPB*, 748 F.2d 681, 684 (Fed.Cir.1984) ("Finality of an initial decision is governed by 5 C.F.R. § 1201.113.").

Section 1201.113, styled "Finality of decision," provides, in relevant part, as follows:

The initial decision of the judge will become final 35 days after issuance. Initial decisions are not precedential.

(a) *Exceptions*. The initial decision will not become final if, within 35 days after issuance of the decision, any party files a petition for review, or if the Board reopens the case on its own motion.

(b) *Petition for review denied*. If the Board denies all petitions for review, the initial decision will become final when the Board issues its last decision denying a petition for review.

(c) *Petition for review granted or case reopened*. If the Board grants a petition for review or a cross petition for review, or reopens or dismisses a case, the decision of the Board is final if it disposes of the entire action.

5 C.F.R. § 1201.113 (1993). Upon comparing this section's provisions to the Clerk's letter to Haines, it is clear that the letter was neither an administrative judge's initial decision, a denial of a petition for review by the Board, nor a Board decision disposing of an entire action. This is not surprising, for Haines can point to no statute or regulation entitling her either to have her case reopened or to a decision from the Board adjudicating her informal request that the Board reopen her case. *Cf.* 5 C.F.R. § 1201.117 (1993) ("The Board may reopen an appeal and reconsider a decision of a judge on its own motion at any time, regardless of any other provisions of this part."); 5 C.F.R. § 1201.118(a) (1993) ("Under 5 U.S.C. § 7703(d), the Director of the Office of Personnel Management may file a petition for reconsideration of a Board final order...."). Because no statute or regulation entitles Haines to file a "Petition to Reopen," she can hardly have received a final decision addressing the merits of such a petition, as she argues she did.

In short, the Clerk's letter to Haines is not a final order or final decision for purposes of section 1201.113 and, by extension, section 1295(a)(9). Instead, the letter was merely an administrative response by the Clerk to Haines' third informal letter request that the Board reopen her appeal and reconsider its final decision on its own motion. The Clerk had been delegated the authority to make such responses by the Board and was performing only a ministerial function in this regard. It may well be that the Board has a policy generally not to reopen *any* appeal from a Board decision that has been affirmed by us, for the Clerk cited our affirmance in his letter. We see nothing unlawful in any such policy, although it may not be required by law.

Haines has previously received our review of the final order of the Board disposing of

her appeal on June 11, 1991. While no authority prohibits her from repeatedly, indeed ad infinitum, requesting the Board to reopen her case despite our affirmance of the Board's final order, neither does any authority allow her to create another final Board order in the same appeal to support a second review by making such informal and unauthorized requests. If she could, there would be no limit to the number of appeals we could receive and would be required to decide in a single case. Having lost once and finally, including upon review by us, a disappointed petitioner could repeatedly generate further appeals to us, one for each "denial" of successive petitions to the Board for it to reopen. If the Board's declination to reopen were a final decision, an appeal to us therefrom would lie provided it were timely filed. To proceed down this road would fly in the face of the regulations, the premise of the Act, and judicial economy. We decline petitioner's invitation to do so.

### CONCLUSION

As there is no final order or final decision to review in this case, we are without subject matter jurisdiction over Haines' petition.

Accordingly,

IT IS ORDERED THAT:

The petition must be and is dismissed.