64 F.3d 671
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bruce E. GARDNER, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 95-3329.
 United States Court of Appeals, Federal Circuit.
 June 15, 1995.
 
 MOTIONS DENIED.
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The court questions sua sponte whether it has jurisdiction. Bruce E. Gardner submits a response, arguing that the court has jurisdiction. The Department of Treasury submits a response, arguing that the court lacks jurisdiction. Gardner moves for leave to file a reply, with reply attached. Treasury moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss the appeal for lack of jurisdiction. Gardner opposes. Gardner moves (1) to strike the appendix to Treasury's motion to dismiss, (2) for "summary judgment," (3) for costs, and (4) for sanctions against Treasury. Treasury moves for leave to file a response with a response attached.
 
 
 2
 Gardner was employed as an attorney with the Internal Revenue Service. The agency removed Gardner for failing to (1) properly file federal income tax returns, (2) timely file Maryland state income tax returns, and (3) timely comply with California state automobile registration requirements. Gardner filed an appeal of the removal action with the Merit Systems Protection Board, contending the removal action was in reprisal for having filed OSHA and EEO complaints. Gardner moved before the regional office (RO) to stay the removal action pending Board proceedings. Gardner also moved for a hearing on the stay. The administrative judge (AJ) concluded that the OSHA complaint constituted a protected disclosure and, therefore, Gardner qualified for whistleblower status. The AJ determined, however, that the Treasury officials responsible for the removal action did not have actual or constructive knowledge that Gardner had filed the OSHA complaint. The AJ thus denied Gardner's motions. Gardner moved to certify that decision for interlocutory review. The AJ denied Gardner's motion to certify.
 
 
 3
 Gardner filed a "petition for review of decision of [AJ] denying appellant's motion for certification and request for stay of removal" with the Board. The Board denied the motion. It concluded:
 
 
 4
 The Board's regulations do not provide for the filing of a petition for review of the denial of a request for a stay or the denial of a request to certify an interlocutory appeal. To the extent that [Gardner] is seeking that the Board exercise its inherent authority to review the denial of the stay request and the denial of the certification or an interlocutory appeal on its own motion, the request is denied. This ruling does not impact on [Gardner's] right to pursue the merits of his appeal ... which is currently pending in the [RO].
 
 
 5
 (Emphasis added.) Gardner petitioned this court for review of the Board's order. On March 29, 1995, this court ordered Gardner and Treasury to respond to the issue of whether the order for which Gardner now seeks review is a final order.
 
 
 6
 It appears from Gardner's filings that he is confused about the review procedures to which he is entitled. Gardner apparently believes he is simultaneously pursuing a whistleblower appeal and a non-whistleblower appeal. For example, in the petition for review filed in this court, Gardner maintains that the request for a stay also constituted the filing of a separate "Whistleblower Protection Act appeal," and he cites 5 U.S.C. Sec. 1221.
 
 
 7
 Gardner filed a direct appeal of the removal action with the Board. See 5 U.S.C. Sec. 7513(d). An employee who appeals directly to the Board and who alleges that the removal action for which he seeks review was the result of a prohibited personnel practice pursuant to 5 U.S.C. Sec. 2302(b)(8) may request, prior to, simultaneously with, or after the filing of the direct appeal, that the removal action be stayed under authority of 5 U.S.C. Sec. 1221(c). 5 U.S.C. Sec. 2302(b); 5 C.F.R. Sec. 1209.8. However, the request for such a stay does not initiate a new proceeding. With regard to Gardner's claim of reprisal, an employee may raise as an affirmative defense in the direct appeal the claim that the removal action was a prohibited personnel practice. 5 U.S.C. Sec. 7701(c)(2)(B). At the close of the proceedings before the RO, the AJ must make findings of fact and conclusions of law as to that reprisal defense. 5 C.F.R. Sec. 1201.111. Thereafter, an employee aggrieved by the AJ's initial decision may petition for review before the Board. 5 C.F.R. Sec. 1201.114.
 
 
 8
 Gardner argues that the Board's order denying a stay is final because it permanently denies him the right to present the reprisal defense. Gardner is mistaken on both counts. First, he may present his affirmative defense in his removal action before the Board. Second, the order is not final. The court's jurisdiction is limited to review of "a final order or final decision" of the Board. 28 U.S.C. Sec. 1295(a)(9). In Haines v. Merit Sys. Protection Bd., 44 F.3d 998, 1000 (Fed. Cir. 1995), this court held that a final decision or order results when an AJ disposes of the entire action, the Board denies a petition for review of an initial decision, or the Board disposes of the entire action. The Board's order in this case does not fit any of those categories.
 
 
 9
 Moreover, there is no provision in either the applicable statutes or regulations for review of the denial of a stay. Indeed, the regulations are to the contrary. See 5 C.F.R. Sec. 1209.11(b) ("the order granting a stay request is not a final order"). In addition, 5 C.F.R. Sec. 1201.93 provides that "[i]f the [AJ] denies the motion [for certification], the party that sought certification may raise the matter at issue in a petition for review filed after the initial decision is issued." (Emphasis added.) The Board has held that an AJ's denial of a stay is not an initial decision subject to immediate review. See, e.g., Simonelli v. Department of Housing & Urban Dev., 47 M.S.P.R. 452 (1991). In sum, because the Board's order is not a final decision, this court is without jurisdiction. In any event, as previously discussed, the proper avenue for Gardner to pursue the reprisal defense is in the direct appeal of the removal action.
 
 
 10
 Gardner also maintains that the Board's order denying a stay is appealable pursuant to the collateral order doctrine. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949); Cabot Corp. v. United States, 788 F.2d 1539, 1543 (Fed. Cir. 1986); see also Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978) (collateral order doctrine applies to orders resolving an important issue separate from the merits of the underlying case that are unreviewable on appeal from a final judgment). Even assuming that the collateral order doctrine is applicable to orders of administrative agencies, we conclude that the order is not immediately appealable because Gardner's reprisal defense goes to the heart of the appeal of the removal action and will be reviewable later.
 
 
 11
 Lastly, Gardner moves for sanctions against Treasury. Gardner, however, provides no legal authority nor does he cite anything in the record supporting his request.
 
 
 12
 Accordingly,
 
 IT IS ORDERED THAT:
 
 13
 (1) Gardner's unopposed motion for leave to file a reply to Treasury's response to this court's order is granted.
 
 
 14
 (2) Treasury's motion to dismiss the appeal is granted.
 
 
 15
 (3) Treasury's motion for leave to file a response to Gardner's various motions is granted.
 
 
 16
 (4) Gardner's motion to strike the Treasury's appendix is denied.
 
 
 17
 (5) Gardner's motion for summary judgment is denied.
 
 
 18
 (6) Gardner's motion for sanctions is denied.
 
 
 19
 (7) Each side shall bear its own costs.