62 F.3d 1431
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Karl H. HANSSON, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 95-3265.
 United States Court of Appeals, Federal Circuit.
 July 6, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 SUA SPONTE
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The court questions sua sponte whether it has jurisdiction. Karl H. Hansson submits a response, arguing that the court has jurisdiction. The Department of the Navy has not responded. Hansson (1) submits two letters, objecting to the naming of the Navy as the respondent, which we treat as motions to reform the caption to designate the Merit Systems Protection Board as respondent; (2) moves for "sanctions," requesting that several United States Attorneys be disbarred from this court's bar; and (3) moves for a "continuance."
 
 
 2
 The facts are somewhat unclear. Hansson was an employee with the Navy. The Navy apparently removed Hansson and he filed an appeal of the removal action with the Board. The parties settled the dispute, and they executed a settlement agreement, which was accepted into the record with an initial decision by the Administrative Judge (AJ). Thereafter, Hansson filed a petition for enforcement of the settlement agreement, apparently contending that the Navy breached the settlement agreement by failing to pay lost earnings into a Thrift Savings Plan account. In a compliance initial decision, the AJ denied the petition for enforcement. Hansson petitioned the Board for review. The Board denied the petition for review, but reopened the case on its own motion, vacated the compliance initial decision, and remanded the case for further proceedings on whether Hansson had raised the allegation relating to the Thrift Savings Plan account in a timely manner and, if so, to adjudicate the matter.
 
 
 3
 On remand, the AJ issued an acknowledgement order, directing Hansson to explain his contention and to provide additional evidence in support thereof. Hansson did not respond. The AJ determined that the allegation regarding the non-payment of lost earnings had been resolved in the compliance order. The AJ noted that Hansson had relied on the same evidence in the petition for enforcement that Hansson had submitted with the petition for review filed with the Board. The AJ concluded because Hansson had not raised the non-payment allegation in his petition for enforcement, "at which time he possessed the information giving rise to these allegations, but instead waited to raise them in a petition for review [to the Board], I find they are untimely raised." The AJ thus dismissed the petition for enforcement as untimely. Hansson petitioned the Board for review.
 
 
 4
 The Board denied the petition for review, but reopened the case on its own motion, vacated the AJ's initial decision, and remanded the case because of the AJ's "oversight in not specifically notifying [Hansson] of the timeliness issue in [Hansson's] appeal" in the acknowledgement order. The Board reasoned that the AJ's determination was unfair because the AJ had not specifically informed Hansson that he should present argument and evidence relating to when Hansson discovered the alleged breach. This petition for review followed.
 
 
 5
 Hansson contends that the Board's latest remand order is a final order for purposes of appeal. In appeals from Board decisions, this court's jurisdiction is limited to "a final order or final decision of the [Board], pursuant to sections 7703(b)(1) and 7703(d) of Title 5." 28 U.S.C. Sec. 1295(a)(9). See also 5 C.F.R. Sec. 1201.119. Generally, an order remanding a case to an administrative agency for further proceedings is not a final order. Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed.Cir.1986). In Haines v. Merit Sys. Protection Bd., 44 F.3d 998, 1000 (Fed.Cir.1995), this court held that a final decision or order of the Board results only when an AJ disposes of the entire action, the Board denies a petition for review of an initial decision, or the Board disposes of the entire action. The applicable regulations provide that an initial decision does not become final "if the Board reopens the case on its own motion." 5 C.F.R. Sec. 1201.113(a). If the Board reopens the case, the Board's decision is final only "if it disposes of the entire action." 5 C.R.F. Sec. 1201.113(c) (emphasis added). Without a final order, i.e., one disposing of the entire case, this court does not have jurisdiction. 5 C.F.R. Sec. 1201.119. In sum, because the Board's latest remand order did not dispose of Hansson's entire case, the order is not a final order or decision for purposes of 28 U.S.C. Sec. 1295(a)(9).
 
 
 6
 After Hansson filed the instant petition for review, the AJ determined on the latest remand that Hansson had not filed the petition for enforcement within a reasonable time after discovering the alleged breach of the settlement agreement, and the AJ dismissed the petition for enforcement. In his response to this court, Hansson requests that this latest initial decision be "consolidated" with the instant petition for review. The proper course, however, would have been for Hansson to file a new petition for review. Moreover, because the instant petition for review is not properly before us, there is nothing to consolidate.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Hansson's petition for review is dismissed.
 
 
 9
 (2) Hansson's motions to reform the caption are denied.
 
 
 10
 (3) Hansson's motion for sanctions is denied.
 
 
 11
 (4) Hansson's motion for a continuance is denied.
 
 
 12
 (5) Hansson's motion to consolidate is denied.
 
 
 13
 (6) Each side shall bear its own costs.