68 F.3d 487
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John A. MERZWEILER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3478.
 United States Court of Appeals, Federal Circuit.
 Oct. 6, 1995.
 
 Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and BRYSON, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 John A. Merzweiler petitions for review of the Merit Systems Protection Board's initial decision of March 16, 1995, in Docket No. SF-0752-94-0356-M-I, dismissing his appeal without prejudice. Because the Administrative Judge's March 16, 1995, decision never became a "final order or decision" of the Board, this court does not have jurisdiction over Merzweiler's petition for review; the petition is therefore dismissed.
 
 BACKGROUND
 
 2
 On March 7, 1994, Merzweiler was removed from his position as a Custodial Laborer for the United States Postal Service. The Postal Service subsequently filed an involuntary application for disability retirement benefits on Merzweiler's behalf with the Office of Personnel Management (OPM). At the same time, Merzweiler challenged his removal by filing an appeal with the Merit Systems Protection Board.
 
 
 3
 Based on OPM's decision to grant Merzweiler disability retirement benefits, the Board dismissed the appeal as moot on July 18, 1994. Merzweiler then appealed the Board's dismissal to this court. Pursuant to a request by the Board, the case was remanded and ultimately assigned to the Board's San Francisco Regional Office for further proceedings.
 
 
 4
 In an initial decision dated March 16, 1995, the Administractive Judge dismissed Merzweiler's appeal without prejudice, reciting that the dismissal was based on an agreement between the parties that would allow additional time to gather and submit evidence. The Administrative Judge explained that the initial decision would become final on April 20, 1995, unless the appeal were refiled within 15 days, i.e., by March 31, 1995. Merzweiler refiled his appeal with the Board within that time. A hearing was held on that appeal, and the Administrative Judge has recently filed an initial decision in that case affirming the decision of the agency to remove Merzweiler. That case is now pending before the Merit Systems Protection Board on a petition for review of the Administrative Judge's initial decision.
 
 DISCUSSION
 
 5
 Merzweiler argues that even though the appeal from his dismissal is currently pending before the Board, the March 16, 1995, initial decision of the Board dismissing his appeal without prejudice was erroneous and should be reversed. He argues that, contrary to the representation of the Administrative Judge, the dismissal was not the product of an agreement between the parties.
 
 
 6
 The jurisdiction of this court to review decisions of the Merit Systems Protection Board is limited to appeals "from a final order or final decision" of the Board. 28 U.S.C. 1295(a)(9); see also 5 U.S.C. Sec. 7703(b)(1). Because Merzweiler refiled his appeal on March 21, 1995, within the period specified in the order dismissing his initial appeal without prejudice, that dismissal order by its terms did not become a final order or decision of the Merit Systems Protection Board. As such, the March 16, 1995, dismissal order is not reviewable by this court, see Haines v. Merit Systems Protection Bd., 44 F.3d 998, 999-1000 (Fed.Cir.1995), and Merzweiler's present appeal must be dismissed. Merzweiler will, of course, have an opportunity for review by this court if the Board enters an adverse final decision on the appeal from his removal that is now pending before the Board.