**Ralph W. TIMBERLAKE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3145.

United States Court of Appeals, Federal Circuit.

March 27, 2001.

Before MICHEL, CLEVENGER, and SCHALL, Circuit Judges.

ON MOTION and PETITION FOR WRIT OF MANDAMUS

CLEVENGER, Circuit Judge.

### ORDER

Ralph W. Timberlake moves for reconsideration of the court's initial rejection of his petition for review for lack of jurisdiction. The Merits System Protection Board moves to dismiss for lack of jurisdiction. Timberlake responds. Timberlake petitions for a writ of mandamus to direct the United States Postal Service to "make [him] whole."

Timberlake seeks review of a December 15, 2000 letter from the Chief Administrative Judge of the Board's Atlanta Regional Office. In that letter, the CAJ informed Timberlake that he was returning his appeal from an October 16, 2000 "suspension." The CAJ noted that Timberlake had received a final Board decision on July 11, 2000, mitigating the agency's removal action to an indefinite suspension pending Timberlake's "cooperating in a fitness for duty examination and the agency receiving the result of such examination." The CAJ informed Timberlake that if he believed the agency had not complied with the terms of the Board's decision, he could file

a petition for enforcement pursuant to 5 C.F.R. § 1201.181(a). On January 16, 2000, this court initially rejected Timberlake's petition for review of the CAJ's letter. This court thereafter assigned Timberlake's case an appeal number for purposes of deciding his motion for reconsideration.

This court has jurisdiction over final decisions of the Merit Systems Protection Board. *See* 28 U.S.C. § 1295(a)(9); 5 U.S.C. § 7703(b)(1) ("any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board"). Because the CAJ's letter was not a final decision of the Board, this court has no jurisdiction to review it. *See Haines v. Merit Systems Protection Board,* 44 F.3d 998, 1000 (Fed.Cir.1995) (Board letter not a final order or decision for review purposes).

With respect to the petition for a writ of mandamus, Timberlake asserts that he is entitled to mandamus relief because the USPS "failed to follow the Board's orders." He seeks an order directing the USPS to "make [him] whole, ... including all backpay, medical needs."

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporate Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Because Tim-

berlake has another means of obtaining the relief he seeks, mandamus relief is inappropriate. As noted by the CAJ, if Timberlake believes that the agency has failed to comply with the Board's July 11, 2000 order, he can file a petition for enforcement with the Board.

Accordingly,

IT IS ORDERED THAT:

(1) Timberlake's motion for reconsideration is denied.

(2) The Board's motion for dismiss for lack of jurisdiction is granted.

(3) Timberlake's petition for a writ of mandamus is denied.

(4) Each side shall bear its own costs.