**In re Terrell GIBSON, Petitioner.**

**No. 715.**

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 27, 2002.

Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.

## ORDER

PAULINE NEWMAN, Circuit Judge.

Terrell Gibson petitions for a writ of mandamus to compel the Merit Systems Protection Board to "issue a decision on my Petition For Review that was filed with the MSPB on December 6, 2000" or, in the alternative, "not to classify, treat, or adjudicate my petition for review as a request to reopen or to reconsider a final decision and to render a decision accordingly."

Gibson appealed his 1999 removal by the United States Postal Service to the Board. On March 15, 2000, the administrative judge affirmed the agency action. Gibson petitioned the Board for review. More than seven months later, on December 6, Gibson sent the Board a packet with "new and material evidence." On December 13, 2000, the Board denied the petition for review. Gibson filed an untimely petition for review of the Board's decision with this court, 01–3191. On May 1, 2001, a three-judge panel of this court denied Gibson's motion for reconsideration of the rejection of his petition as untimely.

Gibson's complaint in his mandamus petition is that the Board failed to consider the "new and material evidence" that he sent to the Board on December 6, 2000. Gibson further complains that his attempts to have the Board reopen his case have been met with letters from the clerk of the Board stating that the Board's final decision informed him of his right to further judicial review and that the Board's regulations do not provide for requests for reconsideration of a final decision by the Board.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporate Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Gibson has not shown that his right to a writ is clear and indisputable or that he had no other means of obtaining relief. The time and opportunity to challenge whether the Board did or did not properly review all evidence in connection with a final Board decision was on review of that decision before this court. However, Gibson failed to timely petition this court for review of the Board's decision and his petition was dismissed.* Thus, Gibson had not shown entitlement to a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

Gibson's petition for a writ of mandamus is denied.

---

\* Additionally, reviewability of a Board letter informing a party that the Board would not reopen a final decision was considered in *Haines v. Merit Sys. Protection Bd.,* 44 F.3d 998 (Fed.Cir.1995). In *Haines* we held that such a letter from the clerk of the Board was not a final decision of the Board and, thus, not within this court's subject-matter jurisdiction.