**In re Joseph F. PALAZZOLO, Petitioner.**

No. MISC 735.

United States Court of Appeals, Federal Circuit.

Oct. 2, 2003.

Before NEWMAN, MICHEL, and DYK, Circuit Judges.

*ORDER*

DYK, Circuit Judges.

Joseph F. Palazzolo petitions for a writ of mandamus to direct the Merit Systems Protection Board to reopen his appeal. The General Services Administration (GSA) opposes.

Palazzolo was removed from his position in 1999. On July 13, 2000, the Administrative Judge (AJ) affirmed the agency's action. The Merit Systems Protection Board denied review of the AJ's decision on April 25, 2001. This court affirmed on June 7, 2002. In April of 2003, Palazzolo filed a motion with the Board to reopen his appeal "based on agency misconduct including perjury and fraud." In a letter from the Board's clerk, the Board stated that its regulations do not provide for reconsideration of the final Board decision and that "[t]here is, therefore, no further right to review of this appeal by the Board."

Palazzolo petitions this court to direct the Board "to reopen Petitioner's appeal to correct a violation of Petitioner's constitutional due process right to a fair hearing, free from agency perjury." In response, GSA argues that mandamus is not warranted and disputes Palazzolo's characterizations of the evidence and the allegations of perjury. from agency perjury." In response, GSA argues that mandamus is not warranted and disputes Palazzolo's characterizations of the evidence and the allegations of perjury.

We determine that Palazzolo has not shown entitlement to a writ of mandamus. The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed.Cir.1988). A party

seeking a writ bears the burden of proving that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Palazzolo has not shown that the Board clearly abused its discretion or that his right to issuance of a writ is clear and indisputable. Further, we note that we held in *Haines v. Merit Sys. Protection Bd.*, 44 F.3d 998, 1000–01 (Fed.Cir.1995), that this court has no jurisdiction to review an appeal of a letter from the Board's clerk denying a petitioner's motion to reopen an appeal.

Accordingly,

IT IS ORDERED THAT:

Palazzolo's petition for a writ of mandamus is denied.