**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TODD J. SCHOENROGGE,

          Plaintiff-Appellant,

v.

BENTLY M. ROBERTS, JR.,

          Defendant-Appellee.

No. 08-3106
(D.C. No. 6:07-CV-01033-JTM-DWB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

          Todd J. Schoenrogge appeals from the district court's order denying his

petition for a writ of mandamus.  He sought the writ pursuant to 28 U.S.C. § 1361

to compel the clerk of the Merit Systems Protection Board (MSPB) to place his

motion to reopen before the MSPB's judges for a decision.  The district court

denied the writ, and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Schoenrogge was removed from federal service in 2003. He appealed to the MSPB, which upheld his removal. He then sought review from the Federal Circuit, which affirmed the MSPB's decision. *Schoenrogge v. Dep't of Justice*, 148 F. App'x 941 (Fed. Cir. 2005) (unpublished).

Mr. Schoenrogge subsequently filed a motion to reopen his proceeding with the MSPB. He asserts that the clerk "refuse[d] to process" the motion, Petition, R. doc. 1, at 2, although it appears that the clerk did send him a form letter denying the motion, *see* Aplt. Br. at 10. Mr. Schoenrogge filed this mandamus action seeking to compel the clerk to place his motion before the MSPB's judges for a decision.

The district court granted Mr. Schoenrogge leave to proceed in forma pauperis, but denied his mandamus petition. Acting pursuant to 28 U.S.C. § 1915(e)(2), it determined that his action should be dismissed because the mandamus claim was frivolous.

## ANALYSIS

Mandamus relief is available under § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain a writ of mandamus, a petitioner must show "(1) that [he] has a clear right to the relief sought, (2) that the respondent has a plainly defined and peremptory duty to do the action in question, and (3) that no other

-2-

adequate remedy is available." *In re McCarthey*, 368 F.3d 1266, 1268 (10th Cir. 2004) (quotations and alterations omitted). "We . . . review de novo the district court's legal determination that the conditions for issuing a writ of mandamus were not satisfied." *Fricke v. Sec'y of Navy*, 509 F.3d 1287, 1289 (10th Cir. 2007).

In his brief in this court, Mr. Schoenrogge argues that "[a] form letter from [the MSPB's clerk] has never been held to be a valid response to a motion to reopen." Aplt. Br. at 10. We do not agree. According to the Federal Circuit, the clerk of the MSPB has been delegated the authority to respond administratively on behalf of the Board to petitions to reopen. *See Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998, 1000 (Fed. Cir. 1995).[1] Moreover, an employee has no right to reopening and no right to a decision from the Board adjudicating his request to reopen his case. *Id.*; *cf.* 5 C.F.R. § 1201.118 (providing for reopening on Board's own motion).

---

[1] We note that the clerk in that case responded to each of the petitioner's three "petitions to reopen" in the same way, with a letter

> indicating that (1) the decision in her case had become final, (2) the Board's regulations did not provide for a party other than the OPM to file a petition for reconsideration of a final decision, and (3) while the Board could reopen an appeal on its own motion at any time, it had no plans to do so in her case.

*Haines*, 44 F.3d at 999.

For the above reasons, Mr. Schoenrogge has failed to demonstrate that he has a clear right to have the clerk "present" his motion to reopen for a formal decision by the Board. The district court therefore properly denied his petition for a writ of mandamus.[2]

The judgment of the district court is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge

---

[2] Mr. Schoenrogge also argues that he did not send or receive various items identified by the district court clerk in this case. Aplt. Br. at 17-18. He fails to substantiate his claim that the district court's allegedly lax procedures denied him due process or equal protection of the laws.