NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNIS MOORE, | No. 15-55023 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-01570-GPC-MDD |
| v. | |
| SUSAN TSUI GRUNDMANN, Chairman U.S. Merit Systems Protection Board; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Dennis Moore appeals pro se from the district court's judgment dismissing

his action arising from the Merit Systems Protection Board's ("MSPB") denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Thus, Moore's request for oral argument, set forth in his reply brief, is denied.

his request to reopen his appeal. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *See Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011) (Fed. R. Civ. P. 12(b)(6)); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000) (subject matter jurisdiction). We affirm.

The district court properly concluded that it lacked subject matter jurisdiction to review the MSPB's denial of Moore's request to reopen his appeal. *See* 5 U.S.C. § 7703 ("Any employee . . . aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision"); *Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998, 1000 (Fed. Cir. 1995) (holding that MSPB denials of repetitive informal requests to reopen did not constitute final decisions that the court could review).

The district court properly dismissed Moore's due process claims because Moore failed to allege facts sufficient to state a plausible claim. *See Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (setting forth elements of a procedural due process claim).

The district court did not abuse its discretion in granting defendants' motion for an extension of time to file a response to the Third Amended Complaint. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (standard of review); *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001) (district court has broad discretion to control its docket and set deadlines).

15-55023

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including Moore's contentions regarding the Notification and Federal Employees Antidiscrimination Act, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**