NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARIN A. JONES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1711

---

Petition for review of the Merit Systems Protection Board in No. DC-315I-12-0847-I-1.

---

Decided: January 10, 2017

---

DARIN A. JONES, Bethesda, MD, argued pro se.

JEFFREY GAUGER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by BRYAN G. POLISUK.

---

Before NEWMAN, BRYSON, and MOORE, *Circuit Judges.*

MOORE, *Circuit Judge.*

Darin A. Jones appeals from a denial by the Merit Systems Protection Board ("Board") of his third request for reconsideration of the Board's final order. For the reasons discussed below, we *dismiss* for lack of jurisdiction.

BACKGROUND

Mr. Jones entered an excepted service position of Supervisory Contract Specialist with the FBI ("agency") on August 28, 2011. On August 22, 2012, the agency terminated him for failing to meet the agency's suitability standards. The agency informed him that he did not have appeal rights because he was terminated during his one-year probationary period. He appealed his termination to the Board and alleged he had appeal rights as a preference eligible "employee" pursuant to 5 U.S.C. § 7511(a)(1)(B).

In an initial decision, the Administrative Judge ("AJ") determined Mr. Jones did not qualify as preference eligible and dismissed his appeal for lack of jurisdiction. Mr. Jones filed a petition for review, and the Board issued a final order affirming the AJ's initial decision. In November 2013, Mr. Jones submitted to the Board a request for reconsideration of its final order, asking the Board to reopen his appeal. On December 19, 2013, the Office of the Clerk of the Board ("Clerk") issued a letter denying his request and informing him that there is "no further right to review of this appeal by the Board."

On December 23, 2013, Mr. Jones filed a petition for review of the Board's final order with this court. On March 18, 2015, we affirmed the Board's decision under Federal Circuit Rule 36, and on April 8, we denied Mr. Jones' petition for panel rehearing. On April 15, Mr. Jones submitted to the Board a second request for reconsideration of its final order, and on April 29, the Clerk issued a letter denying the request. On May 12, this court's mandate issued to the Board. Mr. Jones filed

a petition for writ of certiorari at the Supreme Court, which was denied.

On January 28, 2016, Mr. Jones submitted to the Board a third request for reconsideration of its final order. He requested the Board reopen his appeal in light of this court's precedential decision in *McCarthy v. Merit Systems Protection Board*, 809 F.3d 1365 (Fed. Cir. 2016). On February 23, the Clerk issued a letter denying his third request. The Clerk's letter stated that "the decision in *McCarthy* was expressly limited to situations in which the Board denies a first request for reconsideration that is premised on a change in the law," and it noted that his third request for reconsideration was "premised not on a change in the law, but on a claim of 'clear and material legal error.'"

Mr. Jones appeals the denial of his third request for reconsideration.

## DISCUSSION

Our jurisdiction to review decisions by the Board is limited. Pursuant to 28 U.S.C. § 1295(a)(9), we may only hear "an appeal from a final order or final decision" of the Board. We conclude that the Clerk's letter denying Mr. Jones' third request to reopen his appeal was not a final order or decision of the Board, but an administrative response, over which we lack jurisdiction.

In *Haines v. Merit Systems Protection Board*, 44 F.3d 998, 999 (Fed. Cir. 1995), we found that a letter from the Clerk of the Board informing the petitioner it did not plan to reopen her appeal was not a "final order or final decision" of the Board for purposes of 28 U.S.C. § 1295(a)(9). The letter "was neither an administrative judge's initial decision, a denial of a petition for review by the Board, nor a Board decision disposing of an entire action." *Id.* at 1000. Instead, we found the Clerk's letter was "an administrative response" to the petitioner's third request

to reopen her appeal, and the Clerk "was performing only a ministerial function" in accordance with its delegated authority. *Id.*

Similar to *Haines*, the Clerk's letter in this case was not an AJ's initial decision, a denial of a petition for review by the Board, or a Board decision disposing of an entire action. Rather, the Clerk's letter was a denial of Mr. Jones' third repetitive request to reopen his appeal. Mr. Jones argues his third request was not repetitive because the Board was divested of jurisdiction to review his first two requests during the pendency of his appeal of the Board's final order before this court. However, we agree with the government that although the Board lacks jurisdiction to consider a request for reconsideration while an appeal is before this court, here, the Board had jurisdiction over Mr. Jones' first request to reopen because he had not yet filed his appeal of the Board's final order in this court. *See Anderson v. Dep't of Transp.*, 46 M.S.P.R. 341, 350–51 (1990), *aff'd*, 949 F.2d 404 (Fed. Cir. 1991). Regardless of whether the Board had jurisdiction over Mr. Jones' second request to reopen, which was submitted and denied before this court issued its mandate in the appeal of the Board's final order, the Board had jurisdiction to consider his third request to reopen. Thus, the Clerk performed a ministerial task in denying Mr. Jones' repetitive request to reopen his appeal via an administrative response.

Our decision in *McCarthy* does not alter our conclusion. The facts of this case are unlike those in *McCarthy*. In *McCarthy*, we construed the Clerk's letter denying McCarthy's motion to reopen his appeal as a reviewable "final order or final decision." *McCarthy*, 809 F.3d at 1370. In contrast to Mr. Jones' request to reopen, "McCarthy's motion to reopen had not been previously considered by the Board as it involved an intervening change in law." *Id.* Here, there is no intervening change

in law at issue. The Board has previously considered Mr. Jones' motion to reopen.

Mr. Jones argues that because we found jurisdiction in *McCarthy* to review a motion to reopen based on a change in law, we should similarly find jurisdiction to review his third request to reopen, which is based on alleged "clear and material legal error," or "oversight," by the Board. The holding in *McCarthy* does not extend as far as Mr. Jones would like. In *McCarthy*, we held that "at least in the case of a Board decision on a motion to reopen that is premised on a change in law, we have jurisdiction to review . . . ." *Id.* at 1373. We stated that "[w]hether we have jurisdiction to review decisions on motions to reopen that are premised on other grounds . . . are issues we need not reach, and we decline to do so here." *Id.* *McCarthy* does not provide the route to jurisdiction that Mr. Jones seeks.

## CONCLUSION

Because the Board's denial of Mr. Jones' third request for reconsideration was not "a final order or final decision" for the purposes of 28 U.S.C. § 1295(a)(9), we *dismiss* the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.