NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DARIN A. JONES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1197

---

Decided: April 21, 2026

---

Petition for review of the Merit Systems Protection Board in No. DC-315I-12-0847-R-1.

---

DARIN A. JONES, Potomac, MD, pro se.

DEANNA SCHABACKER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, DYK, and TARANTO, *Circuit Judges.*

PER CURIAM.

Darin A. Jones petitions for review of a final order of the Merit Systems Protection Board denying his request to reopen his 2012 appeal from his termination as an employee of the Federal Bureau of Investigation. On March 13, 2026, we directed Mr. Jones and the Board to file supplemental briefs addressing whether this court lacks jurisdiction over Mr. Jones's appeal to us in light of the bar on our jurisdiction in mixed cases, 5 U.S.C. §§ 7702, 7703(b)(1)(A), (b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420, 431–32 (2017), and also whether, if jurisdiction is lacking, we should dismiss Mr. Jones's appeal to us for want of jurisdiction or should transfer the matter under 28 U.S.C. § 1631. Order, ECF No. 44 (Mar. 13, 2026). Mr. Jones, then the Board, each filed a brief in response.

As the parties now agree, for reasons we explained in our March 13, 2026 Order, at 4–6, Mr. Jones's termination appeal to the Board was a mixed case because it included certain civil-rights claims specified in 5 U.S.C. § 7702(a)(1). *See, e.g.*, Jones Supplemental Brief, ECF No. 47, at 6 (Apr. 3, 2026) ("Jones's case has always been a mixed-case appeal." (capitalization removed)); Board Supplemental Brief, ECF No. 49, at 2 (Apr. 16, 2026) ("[The Board] agrees with the Court that Mr. Jones's termination appeal, which was finally decided by the Board in 2013, was a mixed case."). As a result, a Board decision in the termination appeal is outside our jurisdiction to review unless Mr. Jones were to abandon any further pursuit of the claims that defeat our jurisdiction. March 13, 2026 Order, at 4–6. In his supplemental brief, Mr. Jones declines to abandon further pursuit of his civil-rights claims. Jones Supplemental Brief, at 7. The jurisdictional bar, we conclude, applies here.

Mr. Jones suggests, *see id.* at 6, that we are free to disregard the bar on our jurisdiction because in 2015, after the Board rejected his termination appeal in 2013, we summarily affirmed the Board's decision, rather than dismissing

his appeal of the Board's decision. *Jones v. Merit Systems Protection Board*, 597 F. App'x 1083, No. 2014-3050 (Fed. Cir. 2015) (Rule 36 summary affirmance), *reh'g denied*, No. 2014-3050 ECF No. 35 (April 8, 2015), *cert. denied*, 577 U.S. 1067 (2016).[1]  The 2015 affirmance, however, predated the Supreme Court's 2017 *Perry* decision, which rejected our pre-*Perry* view of the mixed-case bar as too narrow. *See Perry*, 582 U.S. at 429, 434 n.8.  At least for that reason, and because the jurisdictional issue understandably was not even raised to us at the time, we must follow *Perry*.

The Board, for its part, makes only one argument in support of our jurisdiction here.  The Board accepts that its denial of reopening of the termination appeal is a "final order or final decision," 28 U.S.C. § 1295(a)(9), unlike the Board Clerk's administrative denial of reopening at issue in *Jones v. Merit Systems Protection Board*, 675 F. App'x 972, 973–74 (Fed. Cir. 2017), which we held was outside our jurisdiction to review.  Instead, the Board suggests that the Board's denial here is not a decision in the termination-appeal mixed case.  Board Supplemental Brief, at 3–5.  The Board, however, has offered no meaningful analysis, much less a persuasive reason, to justify the suggested separation of the reopening motion from the case Mr. Jones seeks to reopen so as to avoid the mixed-case bar.  *See id.*  We therefore conclude that we lack jurisdiction.

---

[1]    The parties did not raise the issue of the applicability of the mixed-case jurisdictional bar in their briefs in Fed. Cir. No. 2014-3050.  *See* Jones Opening Brief, No. 2014-3050 ECF No. 7 (Feb. 20, 2014); Intervenor Dep't of Justice Brief, No. 2014-3050 ECF No. 17 (Apr. 16, 2014); Board Response Brief, No. 2014-3050 ECF No. 18 (Apr. 18, 2014); Jones Reply Brief, No. 2014-3050 ECF No. 23 (Apr. 28, 2014).

Mr. Jones suggests (Jones Supplemental Brief, at 7–8) that, if we decide that we lack jurisdiction, we should transfer the matter to the United States District Court for the District of Columbia, the forum where Mr. Jones originally (but prematurely) challenged his termination, *see Jones v. United States Department of Justice*, No. 1:13-8, 111 F. Supp. 3d 25 (D.D.C. 2015), *aff'd, Jones v. United States Department of Justice*, No. 15-5246, 2017 WL 3895064 (D.C. Cir. July 14, 2017). The Board does not address the possibility of transfer at all. In these circumstances, we transfer the present appeal to the district court for the District of Columbia under 28 U.S.C. § 1631.

The parties shall bear their own costs.

**TRANSFERRED**