NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7199

EARL M. RAUCH,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Elbert Lin, Wiley Rein LLP, of Washington, DC, argued for claimant-appellant. On the brief was Mark R. Lippman, The Veterans Law Group, of La Jolla, California.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7199

EARL M. RAUCH,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-816, Judge Lawrence B. Hagel.

DECIDED: May 21, 2008

Before NEWMAN, Circuit Judge, PLAGER, Senior Circuit Judge, and SCHALL, Circuit Judge.

SCHALL, Circuit Judge.

DECISION

Earl M. Rauch appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the December 14, 2004 decision of the Board of Veterans' Appeals ("Board") denying Mr. Rauch's claim to service connection for respiratory disease. Rauch v. Nicholson, No. 05-816, 2007 WL 716106 (Vet. App. Feb. 22, 2007). We dismiss for lack of jurisdiction.

DISCUSSION

I.

The relevant facts are set forth in the decisions of the Board and Veterans Court. Briefly, Mr. Rauch served on active duty in the United States Army from November of 1971 to April of 1972, and from November of 1990 to May of 1991. In December of 1997, Mr. Rauch filed a claim with the Department of Veterans Affairs ("VA") seeking service connection for chronic obstructive pulmonary disease allegedly caused by exposure to toxins during the First Gulf War. In October of 1998, a VA regional office ("RO") denied service connection for chronic obstructive pulmonary disease on the ground that the diagnosis was too far removed from service. Mr. Rauch appealed the decision, and in October of 2002, the Board remanded the case to the RO for further development. Eventually, the RO again denied service connection. It did so largely on the basis of the opinion of Dr. C. Paul Loehnen, a private physician to whom the RO had referred Mr. Rauch's case. Dr. Loehnen opined that Mr. Rauch's "difficulties" were "in large part secondary to his morbid obesity" and commented that he did not find "anything in the record that would lead [him] to conclude [that] there is a service-related disability regarding [Mr. Rauch's] pulmonary status."

Mr. Rauch again appealed to the Board, which this time denied his claim. Reviewing the evidence before it, the Board credited the opinion of Dr. Loehnen over that of another doctor who had examined Mr. Rauch. The Board noted that Dr. Loehnen had explained that exposure to toxins would typically lead to acute problems during service and that Mr. Rauch's records reflected no lung problems during his time in service.

Following the Board's decision, Mr. Rauch appealed to the Veterans Court. As noted above, the court affirmed the Board's denial of Mr. Rauch's claim. In its decision the court rejected the two contentions raised by Mr. Rauch on appeal. The first contention was that the VA's further development of the claim (asking Dr. Loehnen for an opinion) was improper in view of the fact that a 1998 VA medical examination by Dr. Rick A. Lamb reflected a diagnosis of chronic obstructive pulmonary disease and noted that Mr. Rauch had been "in an area of Saudi Arabia that was dense with oil smoke after oil fires were lit in Kuwait." According to Mr. Rauch, under these circumstances, the further development of the claim was improper because it was for the purpose of obtaining evidence to deny the claim. Mr. Rauch's second contention was that RO personnel "were biased against [his] claim in violation of due process of law." In Mr. Rauch's view, this was evidenced by the fact that information that tended to detract from a finding of service connection was presented to Dr. Loehnen and that communications at the RO unduly "suggest[ed] an answer or limit[ed] the field of inquiry by the expert" (Dr. Loehnen). The Veterans Court rejected both contentions. As far as the issue of further development of Mr. Rauch's claim was concerned, the court determined, the VA had discretion to develop additional evidence because of the conflicting and unclear nature of the evidence before the VA on the issue of service connection. Addressing Mr. Rauch's claim of bias, the court stated that it did not agree that the RO documents presented to Dr. Loehnen suggested a predetermined answer with respect to Mr. Rauch's claim. In addition, the court noted that Mr. Rauch did not challenge the accuracy of the information that was given to Dr. Loehnen. The court also noted that

the questions which were posed to Dr. Loehnen were asked in an unbiased fashion. Following the Veterans Court's decision, Mr. Rauch timely appealed to this court.

II.

Our authority to review decisions of the Veterans Court is governed by statute. Pursuant to 38 U.S.C. § 7292(c), we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [that] section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." However, "[e]xcept to the extent that an appeal under . . . chapter [72] presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2)(2000).

On appeal, as he did before the Veterans Court, Mr. Rauch contends that personnel at the RO were biased against his claim. He argues that we have jurisdiction over his appeal because, by making this argument, he is asserting a free-standing constitutional claim based upon a violation of due process. See In re Bailey, 182 F.3d 860, 865 (Fed. Cir. 1999) (establishing this court's jurisdiction over free-standing constitutional issues in appeals from the Veterans Court). While it is true that we have held that we have jurisdiction over free-standing constitutional claims, see id., Mr. Rauch has not asserted such a claim. Rather, in the face of factual determinations that he does not challenge and that demonstrate the absence of impropriety on the part of the individuals involved, Mr. Rauch simply makes bald, unsupported assertions of bias on the part of the RO. Such assertions are insufficient to make out a true constitutional claim. Thus, Mr. Rauch has not presented a claim within our jurisdiction.

For the foregoing reasons, we must dismiss Mr. Rauch's appeal for lack of jurisdiction.

No costs.