NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHEN W. GINGERY,**
*Petitioner,*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent.*

---

2010-3094

---

Petition for review of the Merit Systems Protection Board in case No. CH3443060582-M-1.

---

Decided: July 19, 2010

---

STEPHEN W. GINGERY, of Macomb, Michigan, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

---

Before RADER, *Chief Judge*, NEWMAN and MOORE, *Circuit Judges*.

PER CURIAM.

Appellant Stephen W. Gingery appeals from a decision of the Merit Systems Protection Board (Board) ordering the Department of Defense to reconstruct the hiring process for auditor positions applied to by Mr. Gingery. *Gingery v. Dep't of Defense*, No. CH-3443-06-0582-M-1, 2009 MSPB LEXIS 7844 (M.S.P.B. November 30, 2009) (*Initial Decision*). Because the decision of the Board was not final, we lack jurisdiction. We therefore *dismiss* Mr. Gingery's appeal.

## BACKGROUND

This is the second time this case has come before us on appeal. Most of the facts pertinent to this appeal are set forth in *Gingery v. Department of Defense*, 550 F.3d 1347 (Fed. Cir. 2008) (*Gingery I*), and we will not repeat them in detail here. Mr. Gingery is a preference-eligible veteran with service-connected disability rated at 30% or more. In *Gingery I*, Mr. Gingery appealed his non-selection for one of three open auditor positions at the Defense Contract Audit Agency (DCAA) to the Board. Mr. Gingery alleged that DCAA violated his veterans' preference rights when it failed to select him for one of the three auditor positions, failed to request permission from the Office of Personnel Management (OPM) to pass him over, and failed to notify him of its intent to pass him over in accordance with the procedures set forth in 5 U.S.C. § 3318(b), instead followed the procedures set forth in 5 C.F.R. § 302.401(b). We held that 5 C.F.R. § 302.401(b) was invalid because it provided less protection to veterans who are 30% or more disabled than Congress guaranteed them in § 3318. *Gingery I*, 550 F.3d at 1353. We reversed and remanded the case to the Board.

In its decision on remand, the Board found that the agency had not complied with the pass-over requirements of 5 U.S.C. § 3318. *Gingery v. Dep't of Defense*, 112 M.S.P.R. 306 (2009) (*Remand Decision*). The Board remanded the matter to the Administrative Judge for further proceedings to address Mr. Gingery's argument that DCAA's decision to depart from competitive hiring procedures through "excepted" hiring for the auditor positions violated Mr. Gingery's rights. *Remand Decision*, 112 M.S.P.R. at 311–13. In the subsequent initial decision dated November 30, 2009, the Administrative Judge noted that the relevant statute, 5 U.S.C. § 3302, allows for "necessary exceptions" from the competitive service. *Initial Decision*, 2009 MSPB LEXIS 7844, at *5. The Administrative Judge concluded that DCAA's exception of the auditor positions was not necessary, and therefore was in violation of § 3302. *Id.* at *15. The Administrative Judge remanded the matter to DCAA, ordering DCAA to reconstruct the hiring process for the three auditor positions. *Id.* at *15–16. The order also denied a motion for sanctions against the Department of Defense. *Id.* at *1 n.1. The Administrative Judge declined to grant Mr. Gingery interim relief unless and until there is a finding that, as a result of the reconstruction, Mr. Gingery would have been hired and entitled to compensation. *Id.* at *17. The order became final on January 4, 2010. Mr. Gingery appeals, challenging the order to reconstruct the hiring process and the Administrative Judge's denial of sanctions.

## DISCUSSION

As a threshold matter, we are required to satisfy ourselves of our own jurisdiction in this case. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 540 (1986). The final judgment rule, "ordinarily limits our jurisdiction to appeals from a decision or order that 'ends the litiga-

tion on the merits and leaves nothing for the court to do but execute the judgment.'" *Allen v. Principi*, 237 F.3d 1368, 1372 (Fed. Cir. 2001) (*quoting Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)). The final judgment rule applies to appeals from the Board. 28 U.S.C. § 1295(a)(9); *Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998, 999 (Fed. Cir. 1995). "Our jurisdiction over a petition, then, turns on whether the determination that the petitioner seeks to appeal constitutes a final order or final decision for purposes of section 1295(a)(9)." *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) (citation omitted).

We agree with the Department of Defense that the Board's decision in this case was not a final order or decision for purposes of 28 U.S.C. § 1295(a)(9). The Administrative Judge did not determine whether Mr. Gingery was entitled to selection for employment, and instead ordered the agency to resolve the issue by reconstructing the hiring process. We have previously held that a Board decision directing an agency to reconstruct the hiring process does not qualify as a final judgment for purposes of invoking our jurisdiction. *Weed*, 571 F.3d at 1361–63; *see also Marshall v. Dep't of Health & Human Servs.*, 587 F.3d 1310, 1315 (Fed. Cir. 2009) (stating that "Mr. Marshall could not have appealed the MSPB's first reconstruction order" because "an order remanding a matter to an administrative agency for further findings and proceedings is not final").

Mr. Gingery argues that because the initial order became final on January 4, 2010, the decision was final for purposes of appellate jurisdiction. However, the finality of the order for reconstruction does not change the fact that the decision did not dispose of the entire action. *See* 5 C.F.R. § 1201.113 (stating that a decision by the Board "is final if it disposes of the entire action"); *Haines v.*

*Merit Sys. Prot. Bd.*, 44 F.3d 998, 1000 (Fed. Cir. 1995). The Administrative Judge left several issues unresolved, including whether Mr. Gingery "would have been hired and entitled to compensation." The decision left more "for the court to do [than] execute the judgment," and it was not a final order or decision for purposes of § 1295(a)(9).

## CONCLUSION

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.