NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN L. CUMMINGS,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3202

---

Petition for review of the Merit Systems Protection Board in case no. DA0841120100-I-1.

---

Decided: January 10, 2013

---

JOHN L. CUMMINGS, of Missouri City, Texas, pro se.

KATY M. BARTELMA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before MOORE, BRYSON, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

John L. Cummings ("Mr. Cummings") appeals the decision of the Merit Systems Protection Board ("MSPB") regarding the computation of his years of Federal civilian service in connection with his Federal Employees' Retirement System ("FERS") annuity. Because the MSPB effectively remanded Mr. Cummings' case to OPM and there is no "final order or decision" pursuant to 5 U.S.C. § 7703, we do not have jurisdiction.

I.

Mr. Cummings, a former Federal civil service employee, retired from the United States Postal Service ("USPS") on disability retirement effective April 9, 2000. Prior to his time at USPS, he worked at the Veterans Administration ("VA") from November 8, 1987 to February 7, 1988. Mr. Cummings also indicated on his retirement application, a Standard Form (SF) 3107, that he had been in active military service with the United States Marine Corps from January 1968 to June 1969. SF-3107 asks the veteran whether they have paid a "deposit" for any military service that occurred on or after January 1, 1957. Mr. Cummings indicated that he had not. The form also states that the veteran must pay this requisite deposit prior to retirement from federal service to have his or her military service credited for retirement annuity purposes.

On September 24, 2001, OPM notified Mr. Cummings that, to receive credit for his service at the VA, he must pay a $113.00 deposit. The OPM notice also stated that Mr. Cummings had not paid the deposit for his military service; therefore, his service in the United States Marines had not been credited. Mr. Cummings paid the

$113.00 deposit for his VA service in October 2001, and requested that he be credited "the remainder of my pay that['s] due." At some point in time, Mr. Cummings received an annuity notice that estimated he had accrued 16 years, 1 month, and 23 days of federal civilian service.

Mr. Cummings contacted OPM in November 2010 contending that his retirement annuity failed to account for the two years he served in the military and asked that it be revised to reflect 18 years federal service, rather than the 16 plus years originally estimated. OPM issued its initial decision on June 16, 2011, concluding Mr. Cummings had accrued civilian federal service of 16 years, 1 month, and 23 days, as estimated, and that his record did not reflect that he had paid the deposit to receive credit for his military service. Mr. Cummings requested reconsideration, prompting OPM to recalculate his service and determine that Mr. Cummings' service estimate indeed was incorrect: he had only accrued 13 years, 4 months, and 2 days of federal civilian service. OPM affirmed the initial decision that Mr. Cummings' military service was not creditable because he had failed to pay the deposit. Mr. Cummings then filed an appeal with the MSPB.

The Administrative Law Judge ("ALJ") held, in her initial decision, that Mr. Cummings had failed to carry his evidentiary burden demonstrating that he had 16 years, 1 month, and 23 days federal civilian service. The ALJ further found that OPM had provided evidence that Mr. Cummings' service included work at the VA from June 14, 1980 to June 18, 1981 and November 8, 1987 to May 14, 1990, and work at USPS from May 19, 1990 to April 8, 2000, totaling only 13 years, 4 months, and 2 days of federal civilian service. The ALJ reviewed the evidence and also determined that Mr. Cummings' retirement application and documentation from both the VA and

USPS supported OPM's stated service history, with a minor unexplained discrepancy crediting Mr. Cummings for an extra month of service. As for the 16 year annuity estimate Mr. Cummings' had been provided, the ALJ found that it was just that, an estimate. It is unclear when and why he was provided the improper estimate, but Mr. Cummings proffered no employment records indicating that it was accurate. Based on the evidence, the ALJ determined that Mr. Cummings did not carry his burden to establish that he was due 16 years, 1 month, and 23 days of federal civilian service, rather than the lesser amount, and affirmed OPM's decision.

The ALJ recognized, however, that a FERS annuitant who retires after September 7, 1982 is entitled to credit for any post-1956 military service, so long as the annuitant deposits, prior to retirement, an amount equal to 3% of his or her basic pay for each period of military service after December 1956 to his or her employing agency. The ALJ found that Mr. Cummings was not properly apprised of the consequences of failing to make the post-1956 military service deposit. The ALJ held, consistent with precedent from the MSPB and this court, that Mr. Cummings' failure to make the deposit before his separation was due to an administrative error of his employing agency. She reversed the agency's reconsideration decision regarding Mr. Cummings' military service and ordered OPM to provide Mr. Cummings with proper information and time to submit the deposit.

Neither Mr. Cummings, nor OPM, requested Board review of the ALJ's initial decision; it thus, became the final decision of the MSPB. Mr. Cummings, appearing *pro se*, filed a petition for review in this court on September 7, 2012. Mr. Cummings simply requests that this court "[c]orrect my retirement # of years 'senority.'"

## II.

Our scope of review of MSPB decisions is limited by statute.  We must affirm an MSPB decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c) (2000); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed. Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

We have a threshold obligation to determine whether we have jurisdiction to hear an appeal.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  The final judgment rule applies to appeals from the MSPB. *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009); 28 U.S.C. § 1295(a)(9) (granting this court jurisdiction over "an appeal from a final order or a final decision of the [MSPB]" pursuant to 5 U.S.C. § 7703.).  A "final order" for jurisdictional purposes is an order or decision that disposes of an entire action.  *Haines v. MSPB*, 44 F.3d 998, 1000 (Fed. Cir. 1995) (citing 5 C.F.R. § 1201.113).

The MSPB's decision in Mr. Cummings' case is not a "final order."  The MSPB did determine that Mr. Cummings failed to carry his burden to demonstrate that he was entitled to the 16 years of federal *civilian* service. But the inquiry did not end there.  The Board also reversed OPM's decision regarding the credit Mr. Cummings is due for his post-1956 active duty *military* service under FERS.  The Board found that Mr. Cummings' failure to pay the deposit was a result of an administrative error, and ordered OPM to set a deadline and inform

Mr. Cummings in writing of how to make a deposit to his former employing agency. While the MSPB's decision does not explicitly remand the case to OPM, in substance, it acts as a remand for further adjudication regarding Mr. Cummings' total years of service.

OPM contends, and we agree, that Mr. Cummings now has the opportunity to pay the deposit, enabling him to receive credit for this military service. Should he choose to do so, his military service would impact his annuity computation. In short, the MSPB's "remand" means that OPM proceedings are continuing, and OPM is likely to issue another decision regarding Mr. Cummings' annuity once those proceedings are complete. Neither party, moreover, has apprised this court whether the proceedings and annuity computation have been completed by OPM. Given that proceedings continue in OPM, the MSPB's decision was not "final" because it failed to dispose of the "entire action." *Haines*, 44 F.3d at 1000. We therefore lack jurisdiction over Mr. Cummings' appeal at this time.

## III.

Based on the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

**DISMISSED**