# United States Court of Appeals for the Federal Circuit

---

**JOHN W. MORRISON,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2016-2542

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-14-0669-B-1.

---

Decided: November 29, 2017

---

MICHAEL KATOR, Kator Parks Weiser & Harris, PLLC, Washington, DC, argued for petitioner. Also represented by DANIEL R. CLARK; JEREMY WRIGHT, Austin, TX.

RENEE BURBANK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before NEWMAN, CLEVENGER, and BRYSON, *Circuit Judges.*

PER CURIAM.

John W. Morrison petitions for review of a decision of the Merit Systems Protection Board ("MSPB" or "Board") relating to his retirement from a civilian position with the Department of the Navy. Because the Board's ruling was not a "final order" or a "final decision" in his case, we dismiss Mr. Morrison's petition for lack of jurisdiction. 28 U.S.C. § 1295(a)(9); *see also* 5 U.S.C. § 7703(b)(1)(A).

BACKGROUND

Mr. Morrison worked as a firefighter at the Naval Submarine Base New London in Groton, Connecticut. Mr. Morrison's position was designated as "Non-Critical Sensitive." As a condition of his employment, he was required to maintain a security clearance. In August 2011, the Navy revoked Mr. Morrison's eligibility for a security clearance, citing concerns regarding his personal finances. Mr. Morrison appealed the revocation to the Navy's Personnel Security Appeals Board. The revocation was upheld based on Mr. Morrison's history of financial delinquency and his continued debt of more than $36,000.

The Navy subsequently initiated removal proceedings for Mr. Morrison. It issued him a notice of proposed removal on March 28, 2012, based on his failure to maintain the requisite security clearance. Mr. Morrison protested the proposed removal, but on July 13, 2012, Regional Fire Chief Stephan Cox wrote a letter finalizing the decision to remove him. In the letter, Regional Fire Chief Cox wrote: "I . . . find that the charge of 'Denied Eligibility to Access Non-Critical Sensitive Areas' is fully supported by the evidence and your removal is warranted and will be effected on 13 July 2012."

Although Regional Fire Chief Cox signed the letter, it was not formally issued to Mr. Morrison at that time. Instead, District Fire Chief Thomas Clapsadle, who was to deliver the letter of decision, offered Mr. Morrison the

option to retire preemptively, in lieu of the termination. Mr. Morrison had expressed concern that his retirement benefits would be jeopardized if he were fired, and he chose to retire effective as of July 13, 2012.

In reality, Mr. Morrison's retirement benefits were never at risk due to his pending termination, as he would have received his retirement benefits regardless of whether he retired or was terminated. *See* 5 U.S.C. §§ 8312-8315 (identifying particular circumstances, not present here, in which a government employee may lose entitlement to retirement pay). After learning that his retirement benefits were not at risk, Mr. Morrison filed an appeal with the Merit Systems Protection Board, claiming that his retirement was involuntary, and thus he had, in effect, been unlawfully removed from his position.

The administrative judge who was assigned to the case initially dismissed Mr. Morrison's appeal for lack of jurisdiction on the ground that he had failed to make a non-frivolous showing that his retirement was involuntary. On Mr. Morrison's petition for review, the full Board held that Mr. Morrison's allegations that an agency manager had told him he would lose his retirement benefits if he were terminated were sufficient to call for a jurisdictional hearing. The Board therefore remanded the case to the administrative judge for that purpose.

On remand, the administrative judge conducted a hearing and determined that Mr. Morrison's retirement was involuntary. The administrative judge found that Mr. Morrison had entertained the belief that he would lose his retirement benefits if he were removed, and that District Fire Chief Clapsadle had not corrected that misinformation or referred Mr. Morrison to a knowledgeable person who could correct that misinformation so that Mr. Morrison could make an informed choice concerning his retirement. Based on those findings, the administrative judge concluded that Mr. Morrison "did not make an

informed choice when he chose to retire based on the mistaken assumption that he would lose his retirement benefits if he was issued a letter of termination, which the agency failed to correct."

The administrative judge ruled that Mr. Morrison was entitled to be returned to the status quo ante: reinstatement as of July 13, 2012. The administrative judge added, however, that "further consideration of the status quo ante is warranted under the circumstances of this case." The administrative judge noted that Mr. Morrison involuntarily resigned "immediately preceding the issuance of a decision letter removing him effective that day," and concluded that, although Mr. Morrison should be restored to the status quo ante, he "cannot be placed in a better position than he would have enjoyed if he had not resigned on July 13, 2012."

The Navy petitioned for review by the full Board, which affirmed the administrative judge's decision regarding Mr. Morrison's involuntary retirement. As to that issue, the Board ruled that "an agency is required to provide employees with adequate information in order to make an informed retirement decision." Applying that standard, the Board found no reason to disturb the administrative judge's determination that Mr. Morrison's retirement was involuntary.

With regard to the remedy, however, the Board modified the administrative judge's decision "to clarify how the facts of this case may affect the status quo ante relief." The Board explained that "status quo ante relief requires that the agency first determine if and when the appellant would have been removed had he not retired. . . . If, as suggested by the unissued decision letter in the record, the agency would have removed [Mr. Morrison] effective July 13, 2012, then [his] retirement effective that date would not be cancelled [and Mr. Morrison] would not be entitled to reinstatement or any back pay based on the

involuntary retirement action at issue in this appeal . . . ." The Board added that if Mr. Morrison "would not have been removed, or the effective date of the removal would have occurred after July 13, 2012, then the appropriate relief in this appeal would be to cancel the involuntary retirement, restore him with appropriate back pay and other benefits from July 13, 2012, until the date he otherwise would have separated from service by either a removal action or the mandatory retirement age, and to adjust his retirement annuity accordingly, i.e., potentially a later retirement date."[1]

Mr. Morrison petitions this court for review of the Board's decision. He argues that the Board improperly permitted the Navy to reconstruct what would have happened if his involuntary retirement had not occurred. Instead, he contends that he is entitled to back pay as a matter of law for the period between July 13, 2012, and the date of his mandatory retirement in June 2014.

## DISCUSSION

Our jurisdiction over petitions for review of orders of the Merit Systems Protection Board appeals derives from 28 U.S.C. § 1295(a)(9). That statute provides that this court shall have exclusive jurisdiction of an appeal "from a final order or final decision" of the Board. *See also* 5 U.S.C. § 7703(b)(1)(A) ("[A] petition to review a final order

---

[1] Although not part of the record in this case, the parties have informed us that the Navy subsequently found that Mr. Morrison would have been terminated as of July 13, 2012, and took the steps necessary to complete the removal action. The Navy therefore did not award Mr. Morrison any back pay. Mr. Morrison has filed a separate appeal from that action to the Board. That appeal was dismissed without prejudice pending the outcome of this proceeding.

or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit."). Our jurisdiction over a petition therefore turns on whether the determination that the petitioner seeks to appeal "constitutes a 'final order or final decision' for purposes of section 1295(a)(9)." *Weed v. Soc. Sec. Admin.*, 571 F.3d 1359, 1361 (Fed. Cir. 2009) (quoting *Haines v. Merit Sys. Prot. Bd.*, 44 F.3d 998, 1000 (Fed. Cir. 1995)).

The statutory requirement that we limit our review to "final" orders and decisions of the Board parallels the familiar "final judgment rule" in appellate proceedings, which is aimed at curbing "piecemeal appellate review of trial court decisions which do not terminate the litigation." *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982). As a general rule, an order is final only when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

The same policy underlies the principle that "an order remanding a matter to an administrative agency for further findings and proceedings is not final." *Cabot Corp. v. United States*, 788 F.2d 1539, 1542 (Fed. Cir. 1986); *see also Caesar v. West*, 195 F.3d 1373, 1374 (Fed. Cir. 1999) ("Remands to administrative agencies, because they mark a continuation of the case, are not generally considered final decisions for jurisdictional purposes."); *see generally* 15B Charles A. Wright et al., *Federal Practice and Procedure* § 3914.32, at 237-38 (2d ed. 2006) ("The general rule is that a remand is not appealable as a final decision . . . . Since the remand is not final, it can be reviewed on appeal from the eventual final disposition . . . .").

In determining whether an agency has remanded the case for further proceedings, we look to whether the agency has required further administrative adjudication; we do not base our decision on whether the agency has

formally denominated its action as a "remand." If the agency's order contemplates further adjudication or other proceedings beyond the ministerial implementation of the agency's directive, the order will be treated as a remand. *See Weed*, 571 F.3d at 1362 (dismissing appeal for lack of jurisdiction where the Board's decision was "in essence[] a remand" because it forwarded the petition to the Board's regional office for "further adjudication" and ordered the Social Security Administration to reconstruct the hiring process for the position for which the petitioner had applied); *Cummings v. Office of Pers. Mgmt.*, 500 F. App'x 941, 944 (Fed. Cir. 2013) ("While the MSPB's decision does not explicitly remand the case to [the agency], in substance, it acts as a remand for further adjudication regarding Mr. Cummings' total years of service. . . . Given that proceedings continue in [the agency], the MSPB's decision was not 'final' because it failed to dispose of the 'entire action.' We therefore lack jurisdiction over Mr. Cummings' appeal at this time." (internal citation omitted)).[2]

Although the Board concluded that Mr. Morrison's retirement was involuntary and that he should be returned to the status quo ante, the Board did not "dispos[e] of [the] entire action." *Haines*, 44 F.3d at 1000. Rather, the Board stated that, to ascertain the appropriate relief,

---

[2] Mr. Morrison argues that the Board's order was final because the Board denominated its decision as its "final order." The Board's characterization of its order does not, however, govern our jurisdiction under our jurisdictional statutes. In the *Weed* case, for example, the Board characterized its order as a "final decision," *see Weed v. Soc. Sec. Admin.*, 107 M.S.P.R. 142, 149 (2007), but we nonetheless held that the Board's action was not final for purposes of our jurisdiction, *Weed*, 571 F.3d at 1361.

"the agency [must] first determine if and when [Mr. Morrison] would have been removed had he not retired." The Board then outlined various potential outcomes, depending on how the Navy ultimately decided that question. Because it is not the case that the Board's decision left "nothing for the [agency] to do but execute judgment," the Board's ruling was not a final order or decision, and we lack jurisdiction over the petition for review. *See Cabot*, 788 F.2d at 1543 (an order seeking "additional findings, determination, and redetermination" from the agency is not final for purposes of appellate review); *see also Gingery v. Dep't of Def.*, 392 F. App'x 855, 856 (Fed. Cir. 2010) ("[A] Board decision directing an agency to reconstruct the hiring process does not qualify as a final judgment for purposes of invoking our jurisdiction."); *Marshall v. Dep't of Health & Human Servs.*, 587 F.3d 1310, 1315 (Fed. Cir. 2009) ("Mr. Marshall could not have appealed the MSPB's first reconstruction order [because] . . . 'an order remanding a matter to an administrative agency for further findings and proceedings is not final.'" (quoting *Cabot*, 788 F.2d at 1542)).

Mr. Morrison argues that the Board merely sent this case back to the Navy to implement and comply with the Board's decision, not to conduct any further proceedings. We disagree. As the Board's opinion makes clear, the Board required the Navy to decide, in the first instance, whether and when Mr. Morrison would have been terminated if he had not retired. That was the critical modification that the Board made to the initial decision, in which the administrative judge had ruled that Mr. Morrison "would have been separated effective July 13, 2012." The Board directed that such a determination had to be made by the agency.[3] As such, the Board's decision was

---

[3] Mr. Morrison suggests that on remand the agency was virtually certain to decide that he would have been

not final for purposes of 28 U.S.C. § 1295(a)(9), and we therefore dismiss the petition without reaching the merits.

No costs.

## DISMISSED

---

removed as of July 13, 2012, and that subsequent events have proved that to be true. But our jurisdiction cannot turn on a party's estimate of the probability of losing on remand. And the fact that there has been a decision by the agency on remand, which has been appealed to the Board, is a further indication that it is not this appeal, but the subsequent one, which includes the full record of the remand proceedings, that is the proper vehicle for determining whether Mr. Morrison is entitled to back pay for any or all of the period between July 13, 2012, and his mandatory retirement date in June 2014.