NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEMUEL C. BRAY,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1675

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-2990, Judge Amanda L. Meredith.

---

Decided: December 9, 2020

---

LEMUEL C. BRAY, Torrington, WY, pro se.

MICHAEL DUANE AUSTIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before WALLACH, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Appellant, Lemuel C. Bray, appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), concluding, in relevant part, that the Board of Veterans' Appeals ("the Board") had not violated Mr. Bray's due process rights by failing to obtain and consider pertinent records and to "publish the legal standards and evidentiary basis" for its 2017 decision denying Mr. Bray entitlement to earlier effective dates for several service-related conditions. *Bray v. Wilkie*, No. 17-2990, 2020 WL 476677, at *3 (Vet. App. Jan. 30, 2020). The Veterans Court explained that Mr. Bray had not identified any relevant records that were not considered by the Board, and had "not clearly explained how he was denied due process in his specific appeal or harmed by any such due process violations." *Id.* We have jurisdiction pursuant to 38 U.S.C. § 7292(a) and (c). We affirm.

## BACKGROUND

Mr. Bray served on active duty in the U.S. Navy from 1961 to 1974. R.A. 55.[1] In 1976, the U.S. Department of Veterans Affairs ("VA") granted Mr. Bray entitlement to service connection for residuals of a fracture of the left malar and left zygoma and assigned a non-compensable rating

---

[1]    "R.A." refers to the appendix attached to Respondent-Appellee, the Secretary of Veterans Affairs' ("the Secretary") corrected response brief; "A.A." refers to the appendix attached to Mr. Bray's reply brief. Mr. Bray's opening brief included an incomplete version of *Bray*, 2020 WL 476677, as well as two other documents from the Veterans Court docket, but was not numbered as an appendix. *See* Appellant's Br.

effective July 20, 1974.  A.A. 197; *see* A.A. 197–98 (1976 Rating Decision).  In 1992, the VA granted Mr. Bray entitlement to service connection for tinnitus and assigned a 10 percent disability rating effective December 10, 1989.  A.A. 195; *see* A.A. 193–96 (1992 Rating Decision).

In 2010, the VA granted Mr. Bray a 40 percent disability rating for residuals of the fracture of the left malar and left zygoma, now characterizing the injury as "left facial fracture with a traumatic brain injury [('TBI')]," with an effective date of July 10, 2009.  R.A. 49; *see* R.A. 49–54 (2010 Rating Decision).  The VA continued Mr. Bray's 10 percent disability rating for tinnitus with no change in earliest effective date.  R.A. 53.

In 2015, the VA denied Mr. Bray entitlement to an earlier effective date for tinnitus.  R.A. 55; *see* R.A. 55–60 (2015 Rating Decision).  The VA found that because no claim for tinnitus "was received prior to December 10, 1990," December 10, 1989, was the earliest effective date permissible under 38 C.F.R. § 3.114(a).  R.A. 59; *see* 38 C.F.R. § 3.114(a)(3) (providing that "[i]f a claim [for entitlement] is reviewed at the request of the claimant more than [one] year after the effective date of [a liberalizing] law or VA issue, benefits may be authorized for a period of [one] year prior to the date of receipt of such request").

Mr. Bray appealed to the Board.  R.A. 8.[2]  In May 2017, the Board issued a decision denying Mr. Bray entitlement to an effective date earlier than December 10, 1989, for service connection for tinnitus, R.A. 13, and finding that the regional office had "granted the earliest effective date for a grant of service connection for tinnitus that the law allows," R.A. 18; *see* R.A. 8–44 (2017 Board Decision).  The Board also denied Mr. Bray entitlement to an earlier

---

[2]    The exact date Mr. Bray appealed the 2015 Rating Decision is unclear.  *See generally* R.A. 1–102; A.A. 1–201.

effective date for service connection for his left facial fracture with TBI. R.A. 13. The Board remanded, inter alia, the "issues of entitlement to increased ratings for service-connected tinnitus, TBI, and mixed personality disorder," as well as entitlement to service connection for lumbar and cervical spine disorders. R.A. 11.

In September 2017, Mr. Bray appealed the 2017 Board Decision to the Veterans Court. R.A. 94. In November 2017, Mr. Bray filed a motion to correct the record before the agency ("RBA"). R.A. 61; *see* R.A. 61–67 (Motion to Correct the RBA). Mr. Bray argued that the RBA was missing "many" relevant items, "most of" which he conceded pertained to the issues remanded to the Board, rather than those on appeal to the Veterans Court. R.A. 61. The Veterans Court stayed the case and ordered the Secretary to file responses "every [fifteen] days" describing "what action the [VA]—including the responsible VA regional office(s)—ha[d] taken to resolve the dispute." R.A. 94. The Secretary filed fourteen responses over the next eight months detailing the parties' efforts to resolve the dispute. R.A. 94–95.

In July 2018, the Veterans Court ordered the Secretary to "provide a detailed response" as to the alleged deficiencies in the RBA. R.A. 96. The Secretary responded in August 2018. R.A. 96. The Secretary stated that though "[a] review of the RBA as served reveals that all of the records discussed" in the 2017 Board Decision "are contained in the RBA," the Secretary had obtained medical records from six additional VA hospitals for inclusion in an amended RBA "[i]n an attempt to provide [Mr. Bray] with as many records as possible that he had identified as missing[.]" R.A. 70–71. The Secretary also stated that despite Mr. Bray's repeated assertions that he could provide copies of documents alleged to be missing from the RBA, he had only provided nine pages of his service records "to be added to the amended RBA[.]" R.A. 71. The Secretary filed an amended RBA in August 2018. R.A. 96. Mr. Bray objected

to the amended RBA, and filed motions for a "contempt order" and to obtain "pharmaceutical records." R.A. 96.

In October 2018, the Veterans Court issued an order stating that the parties had "agreed to the content of the RBA" during a conference and set forth further instructions to the Clerk of the Veterans Court. R.A. 73. Mr. Bray then filed a notice purporting to appeal the October 2018 Order to this court. R.A. 74. The Veterans Court Clerk's Office informed Mr. Bray via letter that his "active case" was not yet at the appeal stage and returned his personal check for the appeal filing fee. R.A. 88. Mr. Bray then filed an "Urgent Petition for Prohibition of [Veterans Court] Orders of [October 2018]." R.A. 77; *see* R.A. 77–87 (Urgent Petition for Prohibition of Veterans Court Orders of [October 2018]).

To the Veterans Court, Mr. Bray raised, inter alia, several due process claims related to the RBA and the 2017 Board Decision. *Bray*, 2020 WL 476677, at *3. In a January 2020 memorandum opinion, as relevant here, the Veterans Court rejected Mr. Bray's due process arguments. *Id.* The Veterans Court explained that Mr. Bray had failed to provide necessary details as to missing records and had "not clearly explained how he was denied due process in his specific appeal or harmed by any such due process violations." *Id.*

## DISCUSSION

### I. Standard of Review and Legal Standard

"The jurisdiction of this court to review decisions of the Veterans Court is limited by statute." *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017). We may review a Veterans Court decision "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). "Except to the

extent an appeal . . . presents a constitutional issue," we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). "We review statutory and regulatory interpretations of the Veterans Court de novo." *Gazelle*, 868 F.3d at 1009 (italics and citation omitted).

"With respect to constitutional issues, we may review decisions by the Veterans Court that (1) rely upon an interpretation of regulation or statutory provisions that is contrary to constitutional right, power, privilege, or immunity, or (2) involve genuine free-standing constitutional claims." *Geib v. Shinseki*, 733 F.3d 1350, 1355 (Fed. Cir. 2013) (internal quotation marks and citations omitted). We will not, however, "pass upon constitutional contentions presented in an abstract rather than in a concrete form." *Gov't & Civic Employees Org. Comm., CIO v. Windsor*, 353 U.S. 364, 366 (1957).

## II. Mr. Bray's Due Process Claims Are Without Merit

The Veterans Court rejected Mr. Bray's claims that the Board and the VA had denied him due process. *Bray*, 2020 WL 476677, at *3. The Veterans Court explained that although Mr. Bray "argue[d] that [the] VA did not obtain relevant records and did not consider pertinent records and that those failures resulted in . . . due process violations[,]" "he ha[d] not provided any detail as to what records may be missing and does not point to any specific records that . . . were not considered by the Board." *Id.* The Veterans Court also explained that while Mr. Bray "argue[d] that the Board denied him due process because it failed to publish the legal standards and evidentiary basis" for the 2017 Board Decision, "he ha[d] not clearly explained how he was denied due process in his specific appeal or harmed by any such due process violation." *Id.* Mr. Bray contends that the Veterans Court erred, however, arguing that the VA denied him due process by failing to "supply probative

medical documents" and that the Veterans Court violated his due process rights "by ignoring" his due process arguments. Appellant's Br. 1.[3] Mr. Bray also contends that the Clerk of the Veterans Court denied him due process by failing to forward to us his Notice of Appeal of the Veterans Court's October 2018 Order. *Id.*  We disagree with Mr. Bray.[4]

Mr. Bray's due process claims are without merit. First, Mr. Bray's claim that the VA and the Board denied him due process by withholding "probative medical documents" is vague and unsupported by the record. Appellant's Br. 1. Mr. Bray listed twenty-four different categories of allegedly missing records in his Motion to Correct the RBA. R.A. 61–63 (listing, inter alia, "[m]ultiple [a]udiology examinations," "hard copy radiographic reports," "[m]ultiple EEG reports," "[regional office] internal memos," and various

---

[3]   Mr. Bray does not challenge the Veterans Court's dismissal of his claim that the Board denied him due process by failing to publish the legal standards and evidentiary basis for the 2017 Board Decision. *See generally* Appellant's Br. 1–2.

[4]   Additionally, Mr. Bray references the Freedom of Information Act and "Denial of Property Rights guaranteed by [Section Four] of the Fourteenth [Amendment]," without further detail or explanation. Appellant's Br. 1.  Even if these references are construed as argument, Mr. Bray failed to develop the point.  The arguments are, therefore, waived. *In re Baxter Int'l, Inc.*, 678 F.3d 1357, 1362 (Fed. Cir. 2012) (providing that arguments raised only in the "background of [an] opening brief" are waived); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) (providing that "a passing reference to an issue . . . will not suffice to bring that issue before this court" (internal quotation marks and citations omitted)).

"missing letters"). Yet, Mr. Bray conceded that "most" of the documents listed in his motion were "not relevant" to the issues on appeal to the Veterans Court, R.A. 61, and failed to specify which of the requested documents were relevant, R.A. 61–63. The Veterans Court concluded that Mr. Bray had failed to provide "any detail" as to the allegedly missing records and had not identified "any specific records that . . . were not considered by the Board." *Bray*, 2020 WL 476677, at *3. Similarly, Mr. Bray's briefs fail to identify any specific missing records that are relevant to the issues on appeal to the Veterans Court, or which the Board failed to consider. *See generally* Appellant's Br. 1–2, Appellant's Reply Br. 1–15.

Further, the record shows that, "[i]n an attempt to provide [Mr. Bray] with as many records as possible that he had identified as missing," the Secretary obtained and included additional medical records from several VA hospitals in the amended RBA. R.A. 70–71 (describing records obtained from "Washington [VA Medical Center ('VAMC')], Sheridan VAMC, Long Beach VAMC, Denver VAMC, Black Hill [Health Care System,] and the Cheyenne VAMC"). Subsequently, the Veterans Court's October 2018 Order stated that the parties had "agreed to the content of the [amended] RBA" during a conference. R.A. 73. In sum, Mr. Bray has not identified any missing relevant documents that the Board failed to consider, and the record shows that the VA made efforts to provide Mr. Bray with the documents he sought, and that Mr. Bray agreed to the contents of the amended RBA. Accordingly, Mr. Bray's due process claim, based on allegedly missing records, is vague and unsupported by the record. *See Gov't & Civic Employees*, 353 U.S. at 366; *In re Bailey*, 182 F.3d 860, 871 (Fed. Cir. 1999) (concluding, based "[u]pon careful review of the record," that there was "no violation of [the appellant's] Due Process rights"); *see also Rauch v. Peake*, 280 F. App'x 949, 951 (Fed. Cir. 2008) (holding that "bald, unsupported

assertions" of due process violations "are insufficient to make out a true constitutional claim").

Second, Mr. Bray's argument that the Veterans Court denied him due process "by ignoring" his due process claims is similarly unsupported by the record. Appellant's Br. 1. Mr. Bray first raised his concerns about allegedly missing documents in his Motion to Correct the RBA, brought pursuant to Veterans Court Rule 10(b). R.A. 61; *see* R.A. 94.[5] The Veterans Court stayed the case pending resolution of the dispute and ordered the Secretary to provide status updates every fifteen days. R.A. 94. After eight months passed without resolution, the Veterans Court ordered the Secretary to provide a more detailed response, and then held a telephonic conference with the parties to "discuss the content of the RBA." R.A. 96. Finally, the Veterans Court addressed Mr. Bray's due process claims in its January 2020 opinion. *See Bray*, 2020 WL 476677, at *3 (analyzing Mr. Bray's claims that the VA had violated his due process rights by failing to obtain and consider "relevant records" and that the Board had "failed to publish the legal standards and evidentiary basis for its decision"). Accordingly, Mr. Bray's argument that the Veterans Court ignored his due process claim in violation of his due process rights is unsupported by the record.

Third, Mr. Bray's claim that the Clerk of the Veterans Court violated his due process rights is based upon a misunderstanding of law. Mr. Bray argues that the Clerk violated due process by failing to forward Mr. Bray's Notice of Appeal of the Veterans Court's October 2018 Order to this court. Appellant's Br. 1. Simply put, Mr. Bray could not directly appeal the October 2018 Order to us. The October

---

5    Veterans Court Rule 10(b) provides that "[i]f any dispute arises as to the . . . content of the record before the agency, the [Veterans] Court, on motion of any party, will resolve the matter." VET. APP. R. 10(b).

2018 Order stated that the Veterans Court's "Central Legal Staff [had] conducted a conference with the parties to discuss the content of the [RBA]," that the parties had "agreed to the content of the RBA," and directed the court's Deputy Clerk to issue a notice to Mr. Bray to file his appeal brief before the Veterans Court. R.A. 73. It did not substantively address the merits of any of the issues on appeal. *See generally* R.A. 73. As such, it was a non-final order, *see Morrison v. Dep't of the Navy*, 876 F.3d 1106, 1109 (Fed. Cir. 2017) ("As a general rule, an order is final only when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)), which we generally do not review, *Williams v. Principi*, 275 F.3d 1361, 1363–64 (Fed. Cir. 2002) (explaining that "we have . . . generally declined to review non-final orders of the Veterans Court," based on a "prudential" rule that "emphasizes the deference that appellate courts owe to the trial judge and reduces . . . the clogging of the courts through successive appeals" (internal quotation marks and citations omitted)). Thus, Mr. Bray's due process claims are without merit.[6]

---

[6] Mr. Bray raises numerous additional arguments for the first time in his reply brief. *See* Appellant's Reply Br. 1–6 (listing eleven "Questions on Appeal," including "[d]oes [Mr. Bray] have a Fifth Amendment 'property right' to copies of all probative documents in his VA Medical File" and "[d]oes the extreme RBA disorganization deprive veterans . . . with PTSD . . . of due process under the ADA"). Because these arguments were not raised in Mr. Bray's opening brief, they are waived. *See SmithKline Beecham*, 439 F.3d at 1319 ("Our law is well established that arguments not raised in the opening brief are waived.").

CONCLUSION

We have considered Mr. Bray's remaining arguments and find them unpersuasive.  The Final Judgment of the U.S. Court of Appeals for Veterans Claims is

**AFFIRMED**

COSTS

No costs.