NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KHURSHID KHAN MUHAMMAD,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2024-1110

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-20-0342-W-1.

---

Decided: August 8, 2024

---

KHURSHID KHAN MUHAMMAD, Artesia, CA, pro se.

JOSHUA MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before LOURIE, PROST, and REYNA, *Circuit Judges*.

PER CURIAM.

Dr. Khurshid Khan Muhammad petitions for review of a Merit Systems Protection Board ("MSPB") order denying the Department of Veterans Affairs' ("VA") petition for review and granting-in-part and denying-in-part Dr. Muhammad's cross-petition for review. *Muhammad v. Dep't of Veterans Affs.*, No. AT-1221-20-0342-W-1, 2023 WL 5628665 (M.S.P.B. Aug. 31, 2023) ("*Board Decision*"). For the following reasons, we dismiss Dr. Muhammad's petition for lack of jurisdiction.

### BACKGROUND

From October to November 2014, Dr. Muhammad was employed as a physician at the R.G. Murphy VA Medical Center in Albuquerque, New Mexico. Dr. Muhammad filed two whistleblower complaints with the Office of Special Counsel ("OSC") related to his employment in Albuquerque; he later filed two individual right of action ("IRA") appeals to the MSPB, alleging that the VA terminated him as a result of protected whistleblower activity. The two appeals were consolidated into one matter, and that matter was separately appealed to the Federal Circuit. *See Muhammad v. Dep't of Veterans Affs.*, No. 23-2132.

In late 2016, recruiters from the Bay Pines VA Healthcare System in Bay Pines, Florida, contacted Dr. Muhammad about a different physician position. Dr. Muhammad applied for the role, and in January 2017, the VA gave him a tentative offer of employment. S.A. 54.[1] The tentative offer was subject to verification and endorsement procedures. During this process, Dr. Thomas Mattras, Chief of Primary Care Services at Bay Pines VA, spoke with Dr. Muhammad's previous supervisor at the Albuquerque VA. Thereafter, Dr. Mattras decided not to recommend Dr. Muhammad for the position at Bay Pines VA,

---

[1] "S.A." refers to the supplemental appendix included with Respondent's brief.

and his tentative offer was withdrawn.    Respondent's Br. 3–4.

In February 2020, Dr. Muhammad filed a new IRA at the MSPB, alleging that the VA had withdrawn the tentative offer of employment because of "(1) 'unsubstantiated retaliatory remarks' made by Albuquerque VA agency employees and (2) his prior OSC complaints and Board appeal." *Board Decision*, 2023 WL 5628665, at *1.    The Administrative Judge ("AJ") found that Dr. Muhammad's prior IRA against the Albuquerque VA was protected activity under § 2302(b), S.A. 28, that Dr. Muhammad had "show[n] by a preponderance of the evidence that his protected activity was a contributing factor" in the withdrawal of his tentative offer at Bay Pines VA, *see* S.A. 29–31, and that the VA had not demonstrated by clear and convincing evidence that it would have withdrawn the tentative offer in the absence of his protected activity, S.A. 31–36.  The AJ ordered the VA to "(1) delete from its internal computer system an entry made on or about February 13, 2017, wherein [Dr. Mattras] indicated that he did not recommend the appellant for appointment; and (2) rescind the withdrawal of the tentative offer of employment, reconstruct the hiring process, and determine whether [Dr. Muhammad] should be appointed to the Primary Care Physician position." *Board Decision*, 2023 WL 5628665, at *2.

The VA filed a petition for review with the full Board, arguing that (1) the AJ erred in finding that Dr. Muhammad's prior IRA appeal was a contributing factor to the withdrawal of his tentative offer and (2) the VA could not remove the specific entry from the VA's internal computer system.  Respondent's Br. 5–6.  The MSPB denied the VA's petition on both grounds.  Dr. Muhammad, for his part, filed a cross-petition, requesting additional relief—namely (1) "a more comprehensive review of the entries in [the VA's] internal computer system, [and] remov[al] [of] any additional unfavorable entries pertaining to him" written by certain Bay Pines VA employees; (2) that the agency appoint him to the Primary Care Physician position; and

(3) financial remuneration for "lost earnings and damage to his professional reputation." *Board Decision*, 2023 WL 5628665, at \*6. The MSPB granted Dr. Muhammad's first request, "agree[ing] that the agency must do an additional search and purge any additional unfavorable entries from Bay Pines VA officials about the appellant's fitness for the Primary Care physician position." *Id.* The MSPB denied Dr. Muhammad's second request for appointment to the physician position. *Id.* Finally, the MSPB determined that "no back pay is warranted" but that Dr. Muhammad "may request consequential and/or compensatory damages." *Id.* The MSPB then ordered the VA to place Dr. Muhammad "as nearly as possible in the same situation he would have been in had the agency . . . not retaliated against him for [protected activity]," including by "reconstruct[ing]/continu[ing] the hiring process to determine whether [Dr. Muhammad] is qualified for appointment to the subject position." *Id.* Dr. Muhammad timely filed a petition for review to this court.

## DISCUSSION

We have jurisdiction to review "an appeal from a final order or final decision" of the MSPB. 28 U.S.C. § 1295(a)(9); *see also* 5 U.S.C. § 7703(b)(1)(A). "Our jurisdiction over a petition therefore turns on whether the determination that the petitioner seeks to appeal constitutes a final order or final decision for purposes of [§] 1295(a)(9)." *Morrison v. Dep't of the Navy*, 876 F.3d 1106, 1109 (Fed. Cir. 2017) (cleaned up).

"The statutory requirement that we limit our review to 'final' orders and decisions of the Board parallels the familiar 'final judgment rule' in appellate proceedings . . . ." *Id.* "As a general rule, an order is final only when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). In the MSPB context, we look to 5 C.F.R. § 1201.113 to determine what constitutes a "final order." *See Weed v. Social Sec. Admin.*, 571 F.3d 1359, 1362 (Fed. Cir. 2009). Section 1201.113(c)

explains that "[i]f the Board grants a petition for review or a cross petition for review . . . the decision of the Board is final if it disposes of the entire action." "Remands to administrative agencies, because they mark a continuation of the case, are not generally considered final decisions for jurisdictional purposes." *Caesar v. West*, 195 F.3d 1373, 1374 (Fed. Cir. 1999).

Dr. Muhammad appeals the *Board Decision*, challenging the conclusions of two parts: (1) the order to "reconstruct/continue the hiring process" because it leaves "room for potential ambiguity," Petitioner's Br. 5,[2] and (2) the MSPB's denial of back pay as compensation, Petitioner's Br. 7. While we appreciate that Dr. Muhammad filed this appeal out of an abundance of caution so as not to lose any potential rights to review, this appeal is premature, and we do not have jurisdiction due to the *Board Decision*'s lack of finality.[3] Petitioner's Br. 4.

Here, the MSPB remanded to the VA to reconstruct the hiring process and determine compensation owed to Dr. Muhammad. "Because it is not the case that the Board's decision left 'nothing for the [agency] to do but execute judgment,' the Board's ruling was not a final order or decision . . . ." *Morrison*, 876 F.3d at 1110 (quoting *Cabot Corp. v. United States*, 788 F.2d 1539 (Fed. Cir. 1986)). Specifically, we have stated that an MSPB decision is not final where the MSPB ordered reconstruction of the hiring process—as is the case here. *See, e.g.*, *id.*; *Weed*, 571 F.3d at 1362.

---

[2]    Page references to Dr. Muhammad's Informal Brief are to the ECF page numbers in the header of the brief.

[3]    While the *Board Decision* is labeled a "final order" at the MSPB, it is not final for purposes of our appellate review. *See Morrison*, 876 F.3d at 1110 n.2. We therefore disagree that the VA is taking inconsistent positions regarding finality. Petitioner's Reply Br. 4.

While the *Board Decision* may have resolved some issues, this does not overcome the general rule that when the "order contemplates further adjudication or other proceedings beyond the ministerial implementation of the agency's directive, the order will be treated as a remand." *Morrison*, 876 F.3d at 1110. For example, a similarly situated dispute arose in *Weed*, where the MSPB concluded that the petitioner could not receive certain damages and simultaneously remanded the matter back to the agency for a reconstruction process. The petitioner appealed the MSPB's damages conclusion, but we dismissed for lack of jurisdiction because the MSPB decision was not final. *Weed*, 571 F.3d at 1362. The same is true here.

Moreover, Dr. Muhammad admits that "whether [he] should get any back pay or not depends on the determination by the agency whether [he] was qualified for the job in 2017 or not—this determination has not been made by the agency yet," Petitioner's Br. 7, and that if he was qualified for the job, he "should be compensated accordingly . . . – it may or may not be called back pay," Petitioner's Br. 14. Both points highlight that the agency must make the next move.

Because the MSPB's decision here is not final, we do not have jurisdiction.

## CONCLUSION

We have considered Dr. Muhammad's remaining arguments and find them unpersuasive. Accordingly, we dismiss this appeal for lack of jurisdiction.

**DISMISSED**

## COSTS

No costs.